IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

SAMUEL NUNGARAY,

        Defendant.
_____/

CIV. NO. S-10-2987 EJG
CR. NO. 08-0125 EJG

ORDER DENYING MOTION TO SET ASIDE, VACATE OR CORRECT SENTENCE

    Defendant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  After reviewing the record and the applicable law, the court has determined that it may be decided without an evidentiary hearing and without response from the United States Attorney because the files and the records of the case affirmatively show the factual and legal invalidity of defendant's arguments.  Shah v. United States, 878 F.2d 1156, 1158-59 (9th Cir. 1989).  For the reasons set forth below, the motion is DENIED.

///

1

## Background

Defendant was convicted February 12, 2010, pursuant to his pleas of guilty, of one count of conspiracy to possess with intent to distribute at least 500 grams of cocaine, and one count of possession with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  On July 16, 2010 defendant was sentenced to a term of 87 months imprisonment and four years supervised release.  As part of his plea agreement defendant waived the right to appeal or collaterally attack his conviction and sentence. (Plea Agreement, 8:14-24, attached as Exhibit A.)  Despite this express waiver, defendant now moves to vacate, set aside or correct his sentence.

## Discussion

Defendant's motion rambles for pages citing general principles of law and is difficult to comprehend; however, in the last two pages he appears to argue that his sentence was illegally enhanced for possession of a weapon. (Motion, 10-11.) Defendant's motion is barred both by the terms of the plea agreement, as well as on the merits. First, he waived the right to collaterally attack his sentence pursuant to § 2255 as part of his plea agreement.  (Plea Agreement, 8:21-24.)  Defendant's waiver of his appellate rights is enforceable as long as the waiver encompasses the grounds raised in the challenge and is knowingly and voluntarily made. United States v. Joyce, 357 F.3d 921, 922-23 (9th Cir. 2004) (upholding waiver of appellate

2

rights); United States v. DeJarnette, 63 Fed. Appx. 284 (9th Cir. 2003) (upholding waiver of appeal and collateral attack).

Here, defendant's waiver is broad and clearly encompasses the collateral attack set out in his § 2255 motion.  Instead of providing a limited waiver, the language of the plea agreement contains a broad, all-encompassing waiver giving up "any right he may have to bring a post-conviction attack on his conviction or his sentence.  He specifically agrees not to file a motion under 28 U.S.C. § 2255 . . . attacking his conviction or sentence." (Plea Agreement, 8:21-24 (emphasis added).)  Finally, defendant has not shown that his waiver was either involuntary or unknowing.  The plea agreement is clear in its expression of the waiver and defendant cannot legitimately contend he did not know its meaning where the agreement bears his signature, and he was specifically questioned by the court about his understanding of the waiver during the plea colloquy.

Second, defendant's motion fails on the merits as well. Defendant was in his car when he was arrested for the offenses to which he pled guilty.  Found in his car at the time of the arrest were cocaine, a digital scale and a firearm.  An increase in the offense level by two levels for possession of the weapon was required by § 2D1.1(b)(1) of the U.S.S.G, which states, "[i]f a dangerous weapon (including a firearm) was possessed, increase by **2** levels."

3

Defendant argues the government did not prove by a preponderance of the evidence that he possessed a weapon. However, such an assertion ignores the statement he gave law enforcement at the time of his arrest that in fact the drugs and gun were his.  (Plea Agreement, Factual Basis for Plea.) Since he has not moved to set aside the plea agreement, nor argued that the factual basis for the plea is inaccurate, the two-level increase for possession of a firearm was appropriate. Finally, the government agreed not to bring an additional charge for possession of a weapon in connection with a drug trafficking offense, pursuant to 18 U.S.C. § 924, which would have added a minimum of five years consecutive incarceration to defendant's sentence.  (Plea Agreement, 4:24-27.)

## Conclusion

Based on the foregoing, defendant's motion to vacate, set aside or correct his sentence is DENIED.

IT IS SO ORDERED.

Dated: December 16, 2010

/s/ Edwdard J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT